IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM NOEL,

        Plaintiff,

    v.

JO ANNE B. BARNHART, Commissioner of
Social Security,

        Defendant.

Civil No. 05-6100-HA

OPINION AND ORDER

ALAN STUART GRAF
P.O. Box 98
Summertown, Tennessee 38483

KIMBERLY K. TUCKER
Swanson, Thomas & Coon
820 SW 2nd Avenue, Suite 200
Portland, Oregon 97204
    Attorneys for Plaintiff

KARIN J. IMMERGUT

1 - OPINION AND ORDER

United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon   97204

JOANNE DANTONIO
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington   98104
    Attorneys for Defendant

HAGGERTY, Chief Judge:

## INTRODUCTION

Plaintiff William Noel (plaintiff) brings this action for judicial review of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits under Title II of the Social Security Act.  The court has jurisdiction under 42 U.S.C. § 405(g). The Commissioner's decision is affirmed.

Plaintiff was born March 4, 1940.  He completed a bachelors degree in psychology and worked as a parking attendant, night manager for a service station and mental health counselor. Plaintiff alleged he became unable to work on March 15, 2000, due to chronic lymphatic leukemia (CLL), although he continued to work on a part-time on-call basis after that date.  He alleged CLL had not caused physical problems but limited him through "psychiatric problems related to having a terminal illness without a cure." Tr. 87.[1]

## DISABILITY ANALYSIS

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of record filed with the Commissioner's Answer. (Docket # 8).

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner uses a sequential process of up to five steps for determining whether a person over the age of 18 is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. Plaintiff challenges the Administrative Law Judge's (ALJ) findings at steps two and four of the sequential process.

At step two the claimant must show that he or she has a medically determinable impairment or combination of impairments that is "severe" within the meaning of the regulations. The claimant is not disabled if the ALJ determines that he or she has no "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 CFR § 404.1520(c).

If the adjudication proceeds beyond step three, the Commissioner must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained work-related activities that the claimant can still do on a regular and continuing basis, despite the limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(a); Social Security Ruling (SSR) 96-8p. At step four the Commissioner will find the claimant not disabled if the ALJ determines that he or she retains the RFC to perform work done in the past. 20 CFR § 404.1520(e). The ALJ in this case determined that Plaintiff could perform his past work and did not reach step five.

## THE ALJ's FINDINGS

The ALJ found that Plaintiff had no medically determinable mental impairments that significantly limited his ability to perform basic work activities. The ALJ assessed Plaintiff with the RFC to perform medium work. He determined that none of Plaintiff's past relevant work required activities that would be precluded by his RFC. Accordingly, the ALJ concluded that Plaintiff remained capable or returning to his past relevant work and was not disabled within the meaning of the Social Security Act.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Batson v. Commissioner of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence and resolving ambiguities. *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. *Batson*, 359 F.3d at 1193. The Commissioner's decision must be upheld, even if the "evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40.

## DISCUSSION

Plaintiff challenges the ALJ's determination that he has no psychological impairments that are "severe" within the meaning of the regulations. He contends the ALJ improperly rejected the opinion of Lisa Sjodin, M.D. He seeks a remand for additional proceedings to reevaluate his RFC and determine whether he is capable of working.

**I.      Step Two**

At step two of the sequential evaluation, the claimant must show that he or she has a severe impairment or combination of impairments. The burden of proof is on the claimant. *Yuckert*, 482 U.S. 146. If the claimant cannot meet this burden, the Commissioner will find him or her "not disabled" without continuing to the remaining steps in the five-step sequence. 20 C.F.R. § 404.1520(c); SSR 85-28.

This threshold showing of severity is designed to increase the efficiency of the evaluation process by excluding at an early stage claimants whose impairments are so slight that the remaining steps are highly unlikely to lead to a finding of disability. *Yuckert,* 482 U.S. at 153. The ALJ can deny a claim at step two only if the claimant's impairments do not have more than a minimal effect on the ability to perform basic work functions. 20 C.F.R. § 404.1521(a); SSR 85-28.

Plaintiff apparently confuses two questions the Commissioner must resolve. The first is whether the claimant has any impairment that satisfies the threshold showing of severity necessary to get past step two. 20 C.F.R. § 404.1521. The second is whether, having surmounted the threshold requirement, the claimant has functional limitations from the combination of all his impairments (including psychological impairments whether severe or not) that must be considered in the remaining steps. 20 C.F.R. § 404.1523.

Plaintiff incorrectly argues that the ALJ stopped at step two of the sequential evaluation. In fact, the ALJ did not deny Plaintiff's claim at step two, but found that Plaintiff had severe impairments and continued the sequential process by assessing Plaintiff's RFC and concluding at step four that Plaintiff remained capable of performing his past work.  Tr. 20.

Plaintiff's incorrect assumption that the ALJ stopped at step two prompted him to rely on cases such as *Webb v. Barnhart*, 433 F.3d 683 (9th Cir. 2005).  The ALJ in that case erroneously found that the claimant had failed to make the threshold severity showing, concluded that the claimant was not disabled at step two and failed to continue the remaining steps in the sequential evaluation process.  Here, however, the ALJ found that Plaintiff satisfied the threshold severity showing and performed the remaining steps.

Plaintiff also quoted portions of SSR 85-28 indicating the summary nature of a denial of benefits at step two and the need for clear medical evidence to support bypassing the remaining steps.  He noted that unless an ALJ's finding of non-severity is clearly established by medical evidence, "the adjudication must continue through the sequential evaluation process."  The ALJ in this case properly continued the adjudication through the sequential evaluation process without bypassing the remaining steps.

With respect to the two remaining questions, the ALJ answered the first by concluding that Plaintiff had impairments that satisfied the threshold showing of severity necessary to get past step two.  20 C.F.R. § 404.1521.  The court finds no error in that conclusion.

The ALJ answered the second question, regarding the functional limitations resulting from Plaintiff's combined impairments, in his RFC assessment.

   II.    **RFC Assessment**

Because Plaintiff surmounted the threshold showing of severity at step two, the ALJ was required to consider the impact of all of Plaintiff's impairments, including any impact from his psychological impairments, throughout the remaining steps. 20 C.F.R. § 404.1523. The ALJ considered the medical evidence, including the psychological report of Dr. Sjodin and the expert opinion of the state agency reviewing psychologist. He also considered the claimant's subjective statements and the record as a whole. He concluded that the evidence did not establish any functional limitations in work-related activities as the result of Plaintiff's psychological condition.

Doctor Sjodin performed a consultative psychiatric evaluation at the request of the state disability determination agency because Plaintiff had complained of memory loss, fatigue and stress. Doctor Sjodin did not administer testing, but based her conclusions primarily on a clinical interview and mental status examination.

Plaintiff told her that he had been given a five-year life expectancy and that he thought he had psychological problems because "it is hard to deal with a death sentence." Tr. 184-85. In fact, his records show that his CLL was stable at stage 0 and manifested only in his white blood cell count. He had no outward symptoms and healthcare providers told him the disease remained in an extremely early form that did not require treatment and "may not even impact his survival." Tr. 150. He was told he had a good prognosis for a life expectancy of 12 years. Tr. 189.

Plaintiff told Dr. Sjodin that he did not want to try antidepressant medications because he felt like he was functioning adequately. He admitted having a depressed mood, but did not feel "clinically depressed." Doctor Sjodin suggested that he might improve his mood by starting antidepressant medications, but Plaintiff did not appear to be willing to do so. Tr. 185, 189.

Doctor Sjodin diagnosed an adjustment disorder with depressed mood in the moderate range and assigned a global assessment of functioning score (GAF) of 60.  A GAF of 60 is the upper limit of the range used to indicate moderate symptoms or moderate difficulty in social or occupational functioning.  AMERICAN PSYCHOLOGICAL ASSOCIAITION, *Diagnostic & Statistical Manual of Mental Disorders* 34 (4th ed. 2000) (DSM-IV).

Significantly, Dr. Sjodin did not identify any functional limitations in Plaintiff's ability to perform the basic work-related functions, such as "understanding, carrying out and remembering simple instructions," "use of judgment" and "responding appropriately to supervision, coworkers and usual work situations."  20 C.F.R. § 404.1521(b).

Plaintiff argues that the ALJ improperly rejected Dr. Sjodin's opinion.  The ALJ did not do so explicitly and his findings are entirely consistent with those of Dr. Sjodin.  Accordingly, the court finds no error in the ALJ's consideration of Dr. Sjodin's report.

The Commissioner relies on psychological consultants to make findings of fact about the nature of a claimant's impairments and the severity of the functional limitations they impose.  20 C.F.R. § 404.1527(f); SSR 96-6p.  Such reviewing sources do not treat or examine the claimant.  Therefore, their opinions are held to stricter standards and are given weight only to the extent they are supported by the record and consistent with the record as a whole.  SSR 96-6p.

In this case, the ALJ relied on the opinion of Paul Rethinger, Ph.D.  Doctor Rethinger found that the record supported a diagnosis of adjustment disorder with depressed mood.  Tr. 193.  He rated the degree of limitations Plaintiff demonstrated in the major categories of function.  He found that Plaintiff did not have restrictions in activities of daily living, difficulties

in maintaining social functioning or episodes of decompensation. He found only mild difficulties in maintaining concentration, persistence or pace. Tr. 200.

The ALJ's finding that Plaintiff's mental impairments do not significantly affect his ability to perform basic work activities is consistent with the opinion of Dr. Sjodin, the findings of Dr. Rethinger, Plaintiff's subjective statements, and the record as a whole. Accordingly, the ALJ did not err in evaluating Plaintiff's mental impairments.

Plaintiff's remaining contentions cannot be sustained because they rely on a finding of error in the ALJ's treatment of the evidence of mental impairments.

## **CONCLUSION**

Based on the foregoing, the ALJ's decision that Plaintiff does not suffer from a disability and is not entitled disability insurance benefits under Title II of the Social Security Act is based on correct legal standards and supported by substantial evidence. The Commissioner's final decision is AFFIRMED and the case is DISMISSED.

IT IS SO ORDERED.

DATED this _____ day of August, 2006.

                                                                                       _____

                                                                                       Ancer L. Haggerty
                                                                       United States District Judge